IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES E. BIRTCH,                          )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )        1:26CV153
                                            )
ROWAN COUNTY et al.,                        )
                                            )
                    Defendant(s).           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina who was previously detained in the

Rowan County Detention Center, submitted a pro se complaint under 42 U.S.C. § 1983 and

requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The

Complaint names Rowan County, the Rowan County Detention Center, the Rowan County

Sheriff's Office, Unknown Correctional Officers, Unknown Medical Staff, and Unknown

Administrators as Defendants. The Complaint alleges that Defendants did not implement

appropriate policies and procedures to ensure the safety of inmates in the Detention Center

and did not properly supervise inmates. It claims that this led to an assault on Plaintiff by

other inmates after Plaintiff would not provide an unidentified inmate with his telephone

PIN. The assault allegedly injured Plaintiff's right eye on September 20, 2022. The

Complaint also alleges that Plaintiff had two eye surgeries for the injuries and had another

scheduled for December of 2022, but that it never occurred because Rowan County cancelled

the surgery.  Plaintiff raises claims under § 1983 and under state law based on personal injury claims for negligence and gross negligence.  He seeks damages and coverage of the cost of future surgeries as relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint.  28 U.S.C. § 1915A(a).  "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . .  The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim."  Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).  As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint.  Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by
(continued...)

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and because it fails to state a claim on which relief may be granted.

As an initial matter, Plaintiff's Complaint does not name or identify proper Defendants and/or fails to allege any basis for liability for the Defendants named. One of the Defendants listed in the Complaint is the Rowan County Detention Center. Claims under § 1983 can only be brought against "persons" who violate a plaintiff's rights. However, the Detention Center is a building, not a person, and therefore not a proper Defendant under § 1983. The Complaint also names Rowan County and the Rowan County Sheriff's Office as Defendants on the basis that they control the Detention Center and employ, train, and supervise the persons who work there. Under North Carolina law, the Sheriff of Rowan County, not the County itself, controls the operations of the Detention Center and possesses final policymaking authority. See Cobbs ex rel. Cobbs v. County of Guilford, No. 1:10CV806, 2012 WL 3113141, at *2 (M.D.N.C. July 31, 2012) (unpublished), rec. adopted as modified, 2012 WL 4508106, (M.D.N.C. Sept. 28, 2012) (unpublished). Therefore, Rowan County is not a proper Defendant and Plaintiff would likely need to substitute the

_____

[1](...continued)
lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

Sheriff as the proper Defendant in place of the Sheriff's Department.  Even if he did so, the Complaint is still not sufficient to state a claim as to the Sheriff under § 1983 because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  The Complaint does reference improper policies, supervision, or training which could theoretically support liability for the Sheriff, but sets out no facts to support those conclusory allegations.  Therefore, it contains no basis for holding the Sheriff liable for the alleged events.

The Complaint also names Unknown Correctional Officers, Unknown Medical Staff, and Unknown Administrators as Defendants and references John Does 1-10 at one point.  Although plaintiffs may generally name John Doe or unknown defendants, Plaintiff makes absolutely no attempt to identify or even describe the persons he alleges violated his rights.  Therefore, he does not make any proper attempt at naming the correct Defendants.  Finally, even if the sparse facts of the Complaint could be attributed to some identifiable Defendant, one of the two claims raised in the Complaint under § 1983 would still fail.  The Complaint claims that Defendants  are responsible for the inmate attack on Plaintiff.  There is a general duty on the part of prison officials to protect inmates from assaults by other inmates.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  However, not every assault gives rise to a constitutional violation on the part of prison or jail officials.  Instead, an inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials demonstrated deliberate indifference to the inmate's health and safety.  Id.

-5-

The Complaint contains no allegations that Defendants knew of any specific threat to Plaintiff by the inmates that assaulted him or of any other conditions that would support liability under § 1983 for the assault. Also, as noted earlier, it is entirely conclusory as to any practices or policies that lead to the assault.

Given all of the deficiencies just listed, the Complaint fails to set out proper claims under § 1983 against the listed Defendants. Plaintiff could theoretically amend the Complaint to remedy at least some of these deficiencies as to some of the Defendants. However, there is no reason for the Court to allow him time to file an amended complaint because his claims are barred for another reason. The application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). The statute of limitations in this case is three years not only for Plaintiff's state law personal injury claims, but his § 1983 claims as well. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955.

Here, the alleged assault on Plaintiff occurred in September of 2022. Plaintiff would have necessarily known at that time of his injuries and of any involvement by potential Defendants in causing those injuries. Plaintiff signed his current Complaint as of February 6, 2026, and the Court received it on February 11, 2026, months after the statute of limitations for claims related to the assault expired. The Complaint also contains potential claims related to Plaintiff's medical treatment, with the central allegation being that Plaintiff required a further surgery for his injuries, that the surgery was scheduled in December of 2022, and that Defendants cancelled that surgery. Again, Plaintiff would have known all of these facts in December of 2022, but did not file his Complaint within the required three years. He alleges no facts occurring after the cancellation of the surgery. Plaintiff did submit an earlier Complaint dealing with the same allegations in case 1:26CV57. That Complaint was mailed by Plaintiff on January 7, 2026, which means that it was also filed outside the statute of limitations. The undersigned recommended dismissal of that filing without prejudice based mainly on Plaintiff's failure to file it using the proper forms, but also on a lack of clarity on multiple issues, including a potential statute of limitations problem given that Plaintiff submitted the earlier filing after December of 2025 when the statute ran. Plaintiff responded by filing the current action. However, he in no way addressed or fixed statute of limitations issue. His claims are barred by the statute of limitations and the case should be dismissed.

-7-

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $21.67. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $21.67.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of , and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

This, the 24th day of February, 2026.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

**-8-**
